Case 4:23-cv-00078   Document 88   Filed on 10/20/23 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATOSHA DIGGLES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-78 |
| | § | |
| DONEAN SURRATT, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are four motions to dismiss filed by nine of the ten defendants in this case. Plaintiff Latosha Diggles's ("Diggles") claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") for failure to state a claim on which relief may be granted. The motions to dismiss (Dkt. 76; Dkt. 77; Dkt. 78; Dkt. 79), and any other pending motions, are **DENIED AS MOOT**.

### FACTUAL AND PROCEDURAL BACKGROUND

Diggles, who is proceeding *pro se* and *in forma pauperis*, has filed out and filed a form complaint asserting claims under 42 U.S.C. § 1983 ("Section 1983") against ten defendants. (Dkt. 3). The facts set forth below are drawn from Diggles's live complaint,[1]

---

[1] Diggles's live complaint is her first amended complaint, which is docket entry 3. The Court struck Diggles's second amended complaint because Diggles filed that complaint without leave of court. (Dkt. 74 at p. 2). As the Court explained at two hearings, the Court would have considered allowing Diggles to file a second amended complaint had she either moved for leave to do so or obtained counsel on or before the deadline set by the Court. (Dkt. 57; Dkt. 74 at pp. 1–2). Nevertheless, in the interest of justice, the Court has reviewed the stricken complaint and has concluded that, even if the second amended complaint were the live complaint, the Court would still dismiss this case for the reasons given in this opinion.

documents attached to Defendants' motions to dismiss that are central to Diggles's claims and referenced by her complaint, and matters subject to judicial notice under Federal Rule of Evidence 201.

Diggles filed a first-party insurance lawsuit against Texas Farmers Insurance Company ("Farmers") in Texas state court in May of 2019. (Dkt. 78-1). Diggles changed lawyers twice during her lawsuit against Farmers and ultimately ended up prosecuting her case *pro se*. (Dkt. 78-2 at pp. 1–2). Two of the law firms with which Diggles parted ways—Lindsay, Lindsay & Parsons ("LL&P"), and the namesake firm of Defendant Eric Dick ("Dick")—intervened in Diggles's case against Farmers. (Dkt. 3 at pp. 3–4; Dkt. 79-1 at pp. 2–5). LL&P sued Diggles for breach of contract and defamation per se, and Dick asserted a claim for attorney's fees. (Dkt. 3 at p. 4; Dkt. 79-1 at pp. 2–5). Ultimately, Diggles's state-court case became solely a dispute among Diggles and her former attorneys, as Farmers tendered funds into the state court's registry and was dismissed from the case. (Dkt. 78-2 at p. 4).

LL&P's claim for defamation per se was based on allegations that Diggles had "made numerous false statements about [LL&P] and its attorneys, including statements accusing [LL&P] of fraud and extortion[;]" and the state court eventually granted a partial summary judgment in LL&P's favor, concluding that Diggles's "statements were false when made and [that Diggles] had actual knowledge of that falsity." (Dkt. 79-1 at p. 3). Before the state court ruled on its motion for summary judgment, LL&P accused Diggles of continuing to make defamatory statements about the firm during the pendency of the case and asked the state court to enter a gag order. (Dkt. 45 at pp. 29–30). The state-court

judge refused LL&P's request for a gag order and made the following statements from the bench:

> THE COURT: Yeah. I'm not going to do that. We have a potential to make this worse, you know. You already mentioned what's going on nationally. I think what's being done is not going to make things better. It's going to make things worse, and I'm afraid that we might do that with this situation here.
>
> Like I was classically taught and I thought all lawyers—I'm beginning to wonder what's been taught after I went to law school; but the cure for speech you disagree with is more speech, not less.
>
> So, I am just inclined not to do the gag order; and I don't even like the sound of that term.

Dkt. 45 at p. 32.

It does not appear that Diggles's state-court case has concluded, and the status of her case is difficult to ascertain. Diggles has filed a notice of appeal with the Ninth Court of Appeals of Texas, but according to that court Diggles has not identified the final judgment or appealable interlocutory order that forms the basis of her appeal. *See* Ninth Court of Appeals of Texas case number 09-23-00208-CV, order dated September 28, 2023 at page 3, footnote 2. In the most recent filing on its docket, the Ninth Court of Appeals wrote that "[t]he presence or absence of jurisdiction over this appeal is a matter that has not yet been determined by the appellate court." *See* Ninth Court of Appeals of Texas case number 09-23-00208-CV, order dated September 28, 2023 at page 3, footnote 2.

Diggles's Section 1983 claims in this Court arise out of her state-court case. In her form complaint, Diggles has named ten defendants: Dick; the three named partners of

LL&P,[2] to whom the Court will refer collectively by the firm's name; two lawyers for Farmers, Donean Surratt ("Surratt") and David Fisher ("Fisher"); two Texas state-court judges, Mitch Templeton ("Judge Templeton") and Baylor Wortham ("Judge Wortham"); a court coordinator, Dana Marshburn ("Marshburn"), whom Diggles misidentifies as a court reporter; and a court reporter, Holly Griffin ("Griffin"). (Dkt. 3 at pp. 2, 7). In the space of the form complaint asking her to list the statutory or Constitutional rights that she claims were violated, Diggles wrote:

> Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
> The Defendants, (Texas Farmers Insurance Company), Intervenors, (Michael Lindsay and his partners at the Lindsay Lindsay & Parsons Law Firm) and Intervenor, Eric Dick (Dick Law Firm) and bias judges at the Jefferson County Courthouse has repeatedly violated my civil rights under the United States Constitutional Rights and will not give me a fair trial.

Dkt. 3 at p. 3.

When prompted for the facts underlying her claim, Diggles wrote:

> What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
> Defendants, Intervenors, and bias judges has done everything iv their power tp prevent me from getting a fair trial. My trial has been stalled for years for senseless, unjustifiable reasons. All parties includingthe initial judge (Mitch Templeton, who is under investigation) were caught plotting a fraudulent scheme against me where the Judge was telling them that they have the potention to make my situation worst- like he was taught after law school). The Defendants has allowed the Intervenor Michael Lindsay and his partners to assert themselves into my lawsuit. Intervenor, Michael Lindsay used to work for Defendants, which was very well documented. Eric Dick (my prior attorney) has illegally cashed one of my claim checks of nearly $40,000 and now trying to bring our fee dispute issues to the Court dispite the terms of his contract that clearly states that all fee disputes decisions are bind to the Houston Bar Association Fee Dispute Committee.

Dkt. 3 at p. 4.

---

[2] The named partners of LL&P are Michael Lindsay, Barrett Lindsay, and John Parsons. (Dkt. 3 at p. 7).

In her live complaint, Diggles states that she is suing Surratt and Fisher in their official capacities, that she is suing the other defendants in both their individual and official capacities, and that she is seeking money damages. (Dkt. 3 at pp. 2, 5, 7). Diggles's complaint does not mention any causes of action apart from Section 1983 and does not mention any relief other than money damages. (Dkt. 3). All of the defendants except Dick have filed motions to dismiss under Federal Rule of Civil Procedure 12. (Dkt. 76; Dkt. 77; Dkt. 78; Dkt. 79). Diggles has only responded to one of the motions, the one filed by Judge Wortham and Judge Templeton. (Dkt. 84).

## LEGAL STANDARD

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

When determining whether an *in forma pauperis* complaint states a claim on which relief may be granted, the district court must determine whether the complaint's allegations satisfy the federal pleading standard. *Newsome*, 301 F.3d at 231; *see also Callins v. Napolitano*, 425 Fed. App'x 366 (5th Cir. 2011). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards."). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The district court may take into account the complaint; any documents attached to the complaint; any documents attached to a motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *See Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

The Court concludes that Diggles's claims are subject to dismissal under Section 1915.

—*Claims against the judges*

Judge Templeton and Judge Wortham are Texas state-court judges, and Diggles's claims against them are barred by judicial immunity and sovereign immunity.

    i.    <u>Judicial immunity</u>

Diggles's claims against Judge Templeton and Judge Wortham in their individual capacities are barred by judicial immunity. *See Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). "Judges are afforded absolute immunity when they perform a normal judicial function unless they are acting in the clear absence of all jurisdiction." *Duke v. Wallace*, No. 4:19-CV-3353, 2020 WL 1650768, at *1 (S.D. Tex. Mar. 26, 2020); *see also Stump v. Sparkman*, 435 U.S. 349, 355–56, 360 (1978). "This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Davis*, 565 F.3d at 222. "These factors are broadly construed in favor of immunity." *Id.* at 223.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly[.]").

In her complaint, Diggles does not mention Judge Wortham beyond naming him as a party. Accordingly, Judge Wortham is entitled to judicial immunity.

As to Judge Templeton, Diggles pleads a single sentence that mentions him: "All parties including the initial judge (Mitch Templeton, who is under investigation) were caught plotting a fraudulent scheme against me where the Judge was telling them that they have the potention [sic] to make my situation worst [sic]—like he was taught after law school." (Dkt. 3 at p. 4). This statement is far too vague and conclusory to overcome Judge Templeton's judicial immunity. Moreover, the Court takes judicial notice that a hearing transcript from the state-court case that Diggles herself filed in this Court's record and cited in a later filing contradicts Diggles's claim that Judge Templeton was "caught plotting a fraudulent scheme against [her.]" *See Long v. Dearborn National Life Insurance Co.*, No. 21-20246, 2022 WL 797417, at *4 (5th Cir. Mar. 15, 2022) ("Long's conclusory allegation that Dearborn improperly denied his benefits is insufficient to survive dismissal because it is contradicted by the documents attached to his Complaint.").

The hearing transcript indicates that Diggles is referring to (and misquoting) Judge Templeton's explanation of his ruling denying LL&P's request for a gag order—a ruling that, as the Court has previously mentioned and cannot stress enough, went in Diggles's favor. Here is the relevant excerpt of the transcript:

> THE COURT: Yeah. I'm not going to do that. We have a potential to make this worse, you know. You already mentioned what's going on nationally. I think what's being done is not going to make things better. It's going to make things worse, and I'm afraid that we might do that with this situation here.
>
> Like I was classically taught and I thought all lawyers -- I'm beginning to wonder what's been taught after I went to law school; but the cure for speech you disagree with is more speech, not less.
>
> So, I am just inclined not to do the gag order; and I don't even like the sound of that term.

Dkt. 45 at p. 32.

Ruling on LL&P's request for a gag order from the bench in open court fell squarely within the scope of Judge Templeton's normal judicial functions. Accordingly, Judge Templeton is entitled to judicial immunity.

  ii. <u>Sovereign immunity</u>

Diggles's claims against Judge Wortham and Judge Templeton in their official capacities are barred by sovereign immunity. "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228; *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979)

(holding that Section 1983 does not abrogate the states' Eleventh Amendment immunity). Although sovereign immunity does not shield state officials from claims seeking prospective injunctive relief against ongoing violations of federal law, *see Ex parte Young*, 209 U.S. 123, 155–56 (1908), Diggles only seeks damages. (Dkt. 3 at p. 5). Furthermore, Diggles may not utilize the *Ex parte Young* exception in any event "because [she has] not adequately pleaded *any* breach of federal law." *De Los Santos v. Bosworth*, No. 21-10323, 2022 WL 738673, at *2 (5th Cir. Mar. 11, 2022) (emphasis in *De Los Santos*).

—*Claims against Marshburn*

Though Diggles misidentifies her as a court reporter,[3] Marshburn is a court coordinator; and Diggles's claims against her in her individual capacity are barred by quasi-judicial immunity and qualified immunity. Diggles's claims against Marshburn in her official capacity are inadequately pled, even if Marshburn is not considered a state official protected by sovereign immunity.

    i.    <u>Quasi-judicial immunity</u>

"A court employee who acts under the explicit instructions of a judge acts as the arm of the judge and comes within his absolute immunity, even if the employee acts in bad faith or with malice." *Severin v. Parish of Jefferson*, 357 Fed. App'x 601, 605 (5th Cir. 2009) (quotation marks omitted); *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.") (quotation marks

---

[3] Even if Marshburn served as a court reporter, the claims against her would be barred for the same reasons that Diggles's claims against Griffin, which the Court discusses below, are barred.

omitted). The Fifth Circuit and other courts have referred to this inclusion of court employees within a judge's judicial immunity as "quasi-judicial immunity." *See, e.g., Johnson v. Kegans*, 870 F.2d 992, 995–96 (5th Cir. 1989).

Other than naming her as a defendant, Diggles's complaint does not specifically mention Marshburn; so it is unclear whether Diggles is claiming that Marshburn, whatever she did, acted under the instructions of Judge Templeton or Judge Wortham. For any actions that were explicitly required by Judge Templeton or Judge Wortham, Marshburn is entitled to quasi-judicial immunity.

### ii.     Qualified immunity

For any actions that were *not* explicitly required by Judge Templeton or Judge Wortham, Marshburn is entitled to qualified immunity. *Clay*, 242 F.3d at 682; *see also Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) ("Court clerks . . . have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.").

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). When a defendant asserts a qualified immunity defense in a motion to dismiss, the district court must "carefully scrutinize the complaint . . . because qualified immunity means immunity from having to stand trial, not simply immunity from monetary liability." *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021) (quotation marks omitted).

The burden is on the plaintiff to demonstrate the inapplicability of the qualified immunity defense. *Id.* A plaintiff seeking to overcome qualified immunity "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* The plaintiff "must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Morgan*, 659 F.3d at 371 (quotation marks omitted). Courts have discretion to decide which prong of the qualified immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

When attempting to show that a right was clearly established at the time of the challenged conduct, "[i]t is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Vann v. City of Southaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (quotation marks omitted) ("Plaintiff . . . cited nary a pre-existing or precedential case. That alone dooms his case here."). The inquiry "must be undertaken in light of the specific context of the particular case, not as a broad general proposition." *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) (brackets and ellipsis omitted). "Although qualified immunity does not require a case in point, existing precedent must have placed the statutory or constitutional question beyond debate[,]" such that "every reasonable official would understand that what she is doing violates that right." *Id*. (brackets and quotation marks omitted).

Diggles has neither pled facts nor cited cases showing that it is "beyond debate" that Marshburn, whom Diggles does not mention in her complaint beyond naming her as a

party, violated her federal statutory or Constitutional rights. Accordingly, Marshburn is entitled to qualified immunity on all claims for money damages brought against her in her individual capacity.

### iii.   Municipal liability

Diggles's claims against Marshburn in her official capacity also fail. Even if Marshburn is not considered a state official shielded by sovereign immunity, Diggles must plead facts establishing the elements of municipal liability in order to state a claim against her in her official capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("We emphasized that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.") (quotation marks omitted).

"[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations[, though] a policy may also be evidenced by custom[.]" *Id.* at 579. "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger [municipal] liability." *Id.* at 578 (footnote omitted).

Diggles has not pled facts establishing any of the elements of municipal liability. She has not identified a policymaker; an official policy or custom; or a violation of constitutional rights whose moving force was the policy or custom. Accordingly, her

claims against Marshburn in her official capacity fail to state a claim on which relief may be granted, even if Marshburn is not a state official protected by sovereign immunity.

### —Claims against Griffin

Griffin is a court reporter. Diggles's claims against Griffin in her individual capacity are barred by qualified immunity. Diggles's claims against Griffin in her official capacity are inadequately pled, even if Griffin is not considered a state official protected by sovereign immunity.

### i.     Qualified immunity

Court reporters are generally not entitled to quasi-judicial immunity. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436–37 (1993). However, "[o]fficial court reporters are entitled to qualified immunity under 42 U.S.C. § 1983 if they acted pursuant to their lawful authority and follow[ed] in good faith the instructions or rules of the Court." *Woodall v. Texas*, 78 Fed. App'x 953, 954 (5th Cir. 2003); *see also Winegarner v. City of Coppell*, No. 3:05-CV-1157, 2006 WL 2485847, at *9 (N.D. Tex. Aug. 28, 2006) (concluding that a court reporter was entitled to qualified immunity when the plaintiff did not plead facts illustrating how the court reporter's "alleged insertion of words into the trial transcript impugned the fairness of his trial").

As with Marshburn, Diggles has neither pled facts nor cited cases showing that it is "beyond debate" that Griffin, whom Diggles does not mention in her complaint beyond naming her as a party, violated her federal statutory or Constitutional rights. Accordingly, Griffin is entitled to qualified immunity on all claims for money damages brought against her in her individual capacity.

      ii.      <u>Municipal liability</u>

Diggles's claims against Griffin in her official capacity also fail. As with Marshburn, Diggles has not pled facts related to Griffin establishing any of the elements of municipal liability. She has not identified a policymaker; an official policy or custom; or a violation of constitutional rights whose moving force was the policy or custom. Accordingly, her claims against Griffin in her official capacity fail to state a claim on which relief may be granted, even if Griffin is not a state official protected by sovereign immunity.

—*Claims against the lawyers*

Finally, Diggles has sued almost all of the lawyers involved in her state-court insurance case—Dick, who was the last attorney to represent her; the three named partners of LL&P, who represented her before she hired Dick; Surratt, who represented Farmers; and Fisher, who also represented Farmers. Diggles's allegations against the lawyers fail to state a claim on which relief may be granted.

The lawyers whom Diggles has sued are private attorneys, not state officials. Generally, "constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991). As a result, a litigant claiming a violation of constitutional rights under Section 1983 must first establish that the conduct he or she challenges constituted "state action." *See Blum v. Yaretsky*, 457 U.S. 991, 1002–05 (1982). Diggles does not allege that any of the lawyers involved in her state-court insurance case was acting on behalf of a governmental entity. Accordingly, Diggles's allegations against the lawyers fail to state a claim on which relief may be granted.

## CONCLUSION

Plaintiff Latosha Diggles's claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.[4] Defendants' motions to dismiss (Dkt. 76; Dkt. 77; Dkt. 78; Dkt. 79), and any other pending motions, are **DENIED AS MOOT**.

SIGNED at Houston, Texas, on October 20, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Diggles's complaint only brings claims under Section 1983. To the extent that Diggles intended to bring claims under Texas state law, the Court declines to exercise supplemental jurisdiction over those claims; and any claims brought by Diggles under Texas state law are accordingly also **DISMISSED WITHOUT PREJUDICE**. *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]").